**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACQUELINE MCQUIGG,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS; UNITED STATES MARINE CORPS,<br><br>Respondents. | No. 25-1040<br><br>Agency No. 2023-0408<br>Benefits Review Board<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted June 8, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Jacqueline McQuigg petitions for review of an order of the Benefits Review

Board affirming the determination of an administrative law judge ("ALJ") that she

was permanently partially disabled from August 19, 2019, onward for the purpose

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of workers' compensation benefits pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950.  McQuigg argues she should be found permanently totally disabled for that period.  Because the parties are familiar with the facts and procedural history underlying this petition, we do not detail them here.

We have jurisdiction pursuant to 33 U.S.C. § 921(c).  We "scrutinize[] Board decisions for errors of law and for adherence to the statutory [substantial evidence] standard governing the Board's review of the administrative law judge's factual determinations." *Bumble Bee Seafoods v. Dir., Off. of Workers' Comp. Programs*, 629 F.2d 1327, 1329 (9th Cir. 1980).  We affirm the Board's order and deny McQuigg's petition for review.

1.  McQuigg argues that the ALJ erred by concluding that her employer, the Marine Corps, was excused from establishing that she could have obtained certain jobs because she made no effort to obtain employment.  McQuigg mischaracterizes the ALJ's decision.  The ALJ applied the correct legal standard.  After concluding that McQuigg carried her initial burden of showing a work-related disability, the ALJ assessed whether the Marine Corps had established suitable alternate employment was available—that is, whether there were positions available in her labor market that she could have obtained through a diligent search—in light of her disability, skills, age, education, and background.  *See Stevens v. Dir., Off. of*

2                                                    25-1040

*Workers' Comp. Programs*, 909 F.2d 1256, 1258 (9th Cir. 1990). Because McQuigg failed to seek employment, she did not refute the Marine Corps' demonstration that suitable alternate employment was available. *See Kalama Servs., Inc. v. Dir., Off. of Workers' Comp. Programs*, 354 F.3d 1085, 1090 (9th Cir. 2004) ("[C]laimant may rebut the employer's evidence of suitable alternative employment with evidence showing a diligent but unsuccessful search for such employment.").

2. McQuigg argues that, under the Board's precedent, the Marine Corps failed to carry its burden because it did not identify more than one available and suitable position in each of the two categories of work identified (telemarketing and light-duty nursing). But McQuigg cites no cases supporting her position that an employer must identify more than one position in each category of work, and she does not support her contention that this situation is analogous to one in which only a single available position was identified.[1] The ALJ found that the Marine Corps identified two specific and available job opportunities and provided evidence of the availability of similar jobs. This satisfies the requirement to show that suitable alternate employment was available. *See Bumble Bee*, 629 F.2d at 1330 ("[T]he employer must point to specific jobs that the claimant can perform.");

---

[1] We therefore decline McQuigg's invitation to evaluate whether the identification of a single position would suffice in our circuit or to formulate a new standard.

*Berezin v. Cascade Gen., Inc.*, 34 Ben. Rev. Bd. Serv. (MB) 163, 166 (2000) (holding employer met its burden when it identified a single available job opening and provided evidence that similar work was generally available to the claimant during the disability period).

**PETITION DENIED.**